IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AWYUNAH ALI WILLIAMS, § | |
| TDCJ #1111805, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-08-2082 |
| § | |
| KATARZYNA HODGES, *et al.*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM AND ORDER**

State inmate Awyunah Ali Williams (TDCJ #1111805, former TDCJ #604892, #718195) has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. He proceeds *pro se* and he has been granted leave to proceed *in forma pauperis*. At the Court's request, Williams has supplied a more definite statement of his claims. [Doc. # 7]. Likewise, the State Attorney General's Office has provided an administrative record, along with exhibits. [Docs. # 22– 24]. Williams has filed a response. [Doc. # 25]. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.     BACKGROUND

Williams is presently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Ferguson Unit, where he is incarcerated

as the result of several felony convictions.[1]  In this case, Williams sues three prison officials employed by TDCJ at the Ferguson Unit, where he resides, including Correctional Officer Katarzyna Hodges; Assistant Warden Gary A. Hunter; and Captain Billye Forrest.  The incident that forms the basis of the complaint occurred on March 21, 2008, while Officer Hodges was escorting administrative segregation offenders to the shower cell.

According to the administrative investigation, Officer Hodges noticed the smell of cigarette smoke emanating from Williams's cell when she arrived to take him to the shower. Officer Hodges placed Williams in handcuffs and escorted him to the shower.  Along the way, she asked him about the smell of smoke coming from his cell.  Williams reportedly refused to answer any of her questions and, when she announced that she intended to conduct a search of his cell, began yelling at her with threatening language.

Officer Hodges locked Williams inside the shower cell and began to remove his handcuffs through a rectangular slot in the door (*i.e.*, the food slot), which apparently slides open and shut with the use of a metal bar.  After she released one of his hands from its cuff, Williams pulled away taking the restraints with him and then shoved his hand back through

---

[1] The Court takes judicial notice of public records which show that Williams is serving the following sentences: (1) possession with intent to deliver cocaine, Tarrant County cause number 405956D, five-year sentence on December 28, 1990; (2) delivery of cocaine, Tarrant County cause number 405957D, five-year sentence on December 28, 1990; (3) possession of a firearm by a previously convicted felon, Tarrant County cause number 565379W, five-year sentence on December 12, 1994; (4) retaliation, Tarrant County cause number 815433D, thirty-eight-year sentence on June 26, 2002; (5) burglary of a habitation, Tarrant County cause number 815424D, thirty-eight-year sentence on June 26, 2002; (6) burglary of a habitation, Tarrant County cause number 815429D, thirty-eight-year sentence on June 26, 2002; and (7) possession of a deadly weapon in a penal institution, Madison County cause number 06-111-08-012-14, three-year sentence on November 19, 2007.

the food slot, striking Officer Hodges in the hand. Officer Hodges told Williams that she was going to report the incident to the ranking officer after she searched his cell for contraband. This agitated Williams, who began shouting threats and hitting the shower door with his fist. Other officers heard Williams banging on the door of the shower cell and responded to the disturbance. At this time, Williams claimed that Officer Hodges hit his hand with the metal "food slot bar."

Williams does not expressly deny that he pounded on the shower cell door with his fist or that he caused a disturbance. Williams maintains, nevertheless, that Officer Hodges struck him on the hand with the foot slot bar. Williams claims that he sustained a fractured bone in his right hand as a result of this incident. Williams complains further that Officer Hodges filed two "bogus" disciplinary charges against him as a result of the incident. Records show that Williams was charged in disciplinary case #20080193841 with assaulting Officer Hodges by striking her hand and with threatening to inflict harm on Officer Williams by shouting "I am going to fucken [sic] kill you bitch, tell that to your [sergeant]." After a disciplinary hearing, Captain Forrest found Williams guilty as charged. Noting that Williams was already confined to administrative segregation, Captain Forrest curtailed his commissary privileges for 30 days and restricted him to his cell for 15 days. Captain Forrest also retained his classification at Line 3 or L3, which is the lowest level available.

In his pending civil rights complaint, Williams complains that Officer Hodges used excessive force against him and violated his right to due process by filing false disciplinary charges in connection with the March 21, 2008 incident. Williams also claims that Captain

Billye Forrest denied him due process during the disciplinary proceeding by failing to consider all of the evidence in an impartial manner. In addition, Williams contends that Assistant Warden Gary Hunter failed to protect him from harm because he refused to order a polygraph test or to assist Williams in ascertaining the truth in connection with the disciplinary conviction. Williams seeks $250,000 in damages for his pain and suffering. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42

U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,

106 (1976)).

## III.   DISCUSSION

### A.   Due Process Claims

As noted above, Williams was convicted in disciplinary case #20080193841 of assaulting Officer Hodges by striking her hand and threatening to inflict harm on her. Williams complains that his disciplinary conviction violates due process because the charges lodged by Officer Hodges are "false."  Williams contends further that Captain Forrest violated his right to due process by failing to consider the evidence in an impartial manner at his disciplinary hearing.  In that regard, Williams complains that Captain Forrest refused to believe his version of the story over the testimony given by officers.  Williams claims further that Assistant Warden Gary Hunter violated his right to due process by refusing his request for a polygraph test to prove his innocence of the disciplinary charges. Williams fails to establish a valid due process claim for reasons outlined briefly below.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due Process Clause itself or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  A convicted prisoner does not have a constitutional

right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Absent a showing that his disciplinary conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). The pleadings and exhibits in this case demonstrate that none of the sanctions imposed against Williams affect the duration of his sentence or otherwise implicate a constitutionally protected liberty interest.

The administrative record reflects that, as the result of his disciplinary conviction in

case #20080193841, Williams lost 30 days of commissary privileges. He was also restricted to his cell for 15 days and retained at classification status L3. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because the above-referenced sanctions do not implicate a protected liberty interest, Williams fails to show that he was punished without due process. Therefore, Williams' complaint against Officer Hodges, Captain Forrest, and Assistant Warden Hunter concerning his disciplinary conviction must be dismissed for failure to state a claim.

### B.      Remaining Claims Against Officer Hodges

Williams claims further that Officer Hodges violated his civil rights under the Eighth Amendment by using excessive force against him on March 21, 2008, by striking his hand with a metal food slot bar. The record reflects that unit officials conducted an administrative investigation of the force that was used on March 21, 2008, pursuant to the TDCJ Use-of-Force Plan. The State Attorney General's Office has provided the Use-of-Force Report and administrative record at the Court's request under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir.

8

1987). The Use-of-Force Report includes records from Williams' medical examination, as well as statements from the officers who were present. [Doc. # 22]. The Attorney General's Office also has provided copies of the relevant administrative grievances and disciplinary records. [*Id.*]. In addition, the Attorney General's Office has provided a copy of the video, which depicts Williams being escorted to the medical clinic following the use of force. [Doc. # 24].

The investigation was conducted by Warden Eddie Howell. Warden Howell noted that, at the time of the incident, Officer Hodges was a 24-year-old female officer with approximately six months of State service. She had a good work record and she had never had an offender grievance filed against her. By contrast, Williams had a well documented history of assaultive behavior, aggressive acts, and misconduct toward prison staff. As a result of Williams' record of misconduct, he was housed in administrative segregation at the time of the incident.

During her interview with Warden Howell, Officer Hodges adamantly denied striking or even attempting to strike Williams. She stated, however, that she heard Williams beating on the shower door as she went downstairs to contact a supervisor. Other officers also heard Williams beating on the shower door with his fist. In evaluating his injury, the medical department determined Williams suffered a fracture to the end of the metacarpal bone on the small finger (*i.e.*, his pinky finger) of his right hand. This type of injury is known as a "boxer's fracture," which occurs as the result of punching something hard, rather than being

9

struck by an object, as Williams claimed.[2] Warden Howell noted that it was "more likely that [Williams] received [his injury] as the result of punching something harder than his hand rather than being struck by a hard object," as he had claimed. After finding that there was no credible evidence to support Williams' allegation that Officer Hodges struck him with a food slot bar, Warden Howell determined that Officer Hodges was not at fault for Williams' injury. Senior Warden Phil Bickham reviewed the report prepared by Warden Howell and found that Officer Hodges' actions were appropriate. The report was further reviewed by a regional director, who recommended no employee discipline and no further investigation by the Office of Inspector General.

Williams has filed a response to the administrative report provided by the Attorney General's Office, and he insists that Officer Hodges struck him with the food slot bar, fracturing a bone in his hand. [Doc. # 25]. Recognizing that Williams disputes the facts outlined in the TDCJ administrative report, the Court requested an answer from Officer Hodges by contacting the Attorney General's Office. [Doc. # 8]. The Attorney General's Office responded that, because Officer Hodges is no longer employed by TDCJ, it lacks statutory authority to answer on her behalf. [Doc. # 11]. To assist the Court in issuing a summons, however, the Attorney General's Office supplied her last known address under seal. [Doc # 12].

---

[2] The medical records show that Williams' right hand was placed in a splint. He was referred to the orthopedic clinic at the John Sealy Hospital in Galveston. By July 30, 2008, the orthopedist noted that Williams' right hand had healed.

This Court has issued two separate orders directing the Clerk's Office to issue summons and the United States Marshal to effect service of process on Officer Hodges at the address provided by the Attorney General's Office. [Docs. # 13, # 16]. The record shows that both attempts at service were unsuccessful and that Officer Hodges' current address is unknown. When service of process is attempted, but unsuccessful, a district court may dismiss a complaint without prejudice for failure of service. *See Thompson v. Johnson*, Civil No. 7:05-0201-R (N.D. Tex. April 22, 2008) (dismissing an excessive force claim filed by a Texas inmate after repeated attempts at service of process were unsuccessful), *aff'd*, *Thompson v. Johnson*, No. 08-10614 (5th Cir. Oct. 6, 2009). Because the United States Marshal has been unable to complete service of process based on the information provided by the plaintiff and the State Attorney General's Office, the Court concludes that the remaining claims of excessive force against Officer Hodges must be dismissed without prejudice at this time for lack of service.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint against Officer Hodges, Captain Forrest, and Warden Hunter concerning his disciplinary conviction is **DISMISSED WITH PREJUDICE** for failure to state a claim.

2. The plaintiff's complaint of excessive force against Officer Hodges is **DISMISSED WITHOUT PREJUDICE** for lack of service.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk**

**will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas on January 31, 2010.

_____
Nancy F. Atlas
United States District Judge